UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OCCIDENTAL HOTELS MANAGEMENT
B.V., OPERADORA INTERCONTINENTAL
DE RESORTS & HOTELES, S.A., ALLEGRO
PALM BEACH N.V., and HOTEL
PLAYACAR, S.A. DE C.V.,

                       Plaintiffs,                  05 Civ. 9547 (PKC) (THK)

    -against-

                                                        ORDER

WESTBROOK ALLEGRO L.L.C, individu-
ally and as participation agent, WESTBROOK
REAL ESTATE FUND II L.P. and WEST-
BROOK REAL ESTATE CO-INVESTMENT
PARTNERSHIP II, L.P.,

                       Defendants.
------------------------------------------------------------x
WESTBROOK ALLEGRO L.L.C., et al.,

                       Counterclaimants,

    -against-

OCCIDENTAL HOTELS MANAGEMENT
B.V.,

                       Counterclaim-Defendant.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiffs bring this action against WESTBROOK ALLEGRO L.L.C., WEST-
BROOK REAL ESTATE FUND II L.P. and WESTBROOK REAL ESTATE CO-
INVESTMENT PARTNERSHIP II, L.P., invoking subject matter jurisdiction by reason of di-
versity of citizenship, 28 U.S.C. § 1332. Defendants counterclaim against OCCIDENTAL
HOTELS MANAGEMENT B.V., also invoking subject matter jurisdiction by reason of diver-
sity of citizenship, 28 U.S.C. § 1332, and, additionally, invoking this Court's supplemental ju-
risdiction, 28 U.S.C. § 1367. If WESTBROOK ALLEGRO L.L.C. is, indeed, a limited liability

company, as its name would imply, then the complaint and counterclaim complaint must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. Plaintiffs must allege these facts as they were at the time plaintiffs filed their original complaint, and defendants must allege these facts as they were at the time defendants filed their counterclaim complaint. In addition, if WESTBROOK REAL ESTATE FUND II L.P. and WESTBROOK REAL ESTATE CO-INVESTMENT PARTNERSHIP II, L.P. are limited partnerships, then, for each limited partnership, the complaint and counterclaim complaint must allege the citizenship of natural persons who are partners of that partnership, and the place of incorporation and principal place of business of any corporate entities that are partners of that partnership. Again, plaintiffs must allege these facts as they were at the time plaintiffs filed their original complaint and defendants must allege these facts as they were at the time defendants filed their counterclaim complaint. By August 6, 2009, plaintiff and defendants shall amend their pleadings to allege the citizenship of each constituent person or entity. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship., 213 F.3d 48, 51-52 (2d Cir. 2000), citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (holding that, for diversity purposes, a limited partnership is a citizen of any state of which a limited or general partner is a citizen); see also Grupo Dataflux v. Atlas Global Group, L.P., et al., 541 U.S. 567, 570-71 (2004) (stating that the time-of-filing rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing . . . ."). In addition, by August 6, 2009, each party also shall file a letter brief addressing whether this Court has jurisdiction over

the claims asserted. If plaintiffs and defendants are unable to amend by the foregoing date to truthfully allege complete diversity based upon the citizenship of each constituent person or entity of the L.L.C. and the limited partnerships, then the complaint, the counterclaim complaint, or both, will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: New York, New York
July 27, 2009

P. Kevin Castel
United States District Judge