```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OCCIDENTAL HOTELS MANAGEMENT
B.V., OPERADORA INTERCONTINENTAL
DE RESORTS & HOTELES, S.A., ALLEGRO
PALM BEACH N.V., and HOTEL
PLAYACAR, S.A. DE C.V.,

                Plaintiffs,

      -against-

WESTBROOK ALLEGRO L.L.C, individually
and as participation agent, WESTBROOK
REAL ESTATE FUND II L.P. and
WESTBROOK REAL ESTATE CO-
INVESTMENT PARTNERSHIP II, L.P.,

                Defendants.
------------------------------------------------------------x
WESTBROOK ALLEGRO L.L.C., et al.,

                Counterclaimants,

      -against-

OCCIDENTAL HOTELS MANAGEMENT
B.V.,

                Counterclaim-Defendant.
------------------------------------------------------------x

05 Civ. 9547 (PKC) (THK)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        This action was reassigned to the undersigned on June 5, 2009. Subject matter jurisdiction was alleged to exist by reason of diversity of citizenship. 28 U.S.C. § 1332. The Court has "an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*." Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) cert. denied 549 U.S. 1282 (2007). On July 27, 2009, the Court informed the parties that their pleadings did not allege

facts sufficient to determine the citizenship of any of the three defendants, all of which are either a limited liability company or limited partnerships. See Docket Entry No. 103 (July 27, 2009). The Court ordered the parties to submit by August 6, 2009, amended pleadings that truthfully alleged the citizenship of the defendants. See id. Plaintiffs filed their Second Amended Complaint on August 5, 2009, and on August 6, 2009, defendants filed the Answer, Affirmative Defenses and Counterclaims of Westbrook Allegro, L.L.C., Westbrook Real Estate Fund II, L.P. and Westbrook Real Estate Co-Investment Partnership II, L.P. in Response to Plaintiffs' Second Amended Complaint (the "Amended Answer and Counterclaim"). Neither of these amended pleadings alleges facts sufficient to determine the citizenship of the defendants.

Defendants allege in the Amended Answer and Counterclaim that defendant Westbrook Real Estate Fund II, L.P. ("WREF II") have numerous limited partners, which are a combination of "corporations, public and private pension funds, mutual life insurance companies, university endowment funds, trust funds, and individuals." Docket Entry No. 107 (Aug. 6, 2009). Defendants also allege that defendant Westbrook Real Estate Co-Investment Partnership II, L.P. ("WREC II") has one limited partner, "a public pension fund." Id. The citizenships of the constituent members of the two limited partnerships are not alleged. The two limited partnerships are the members of the limited liability company.

Section 1332(a)(2), confers jurisdiction in civil actions between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). For diversity purposes, a court looks to the citizenship of the members of a limited liability company and the members of a limited partnership, both general and limited partners. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship., 213 F.3d 48, 51-52 (2d Cir. 2000), citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For

purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (holding that, for diversity purposes, a limited partnership is a citizen of any state of which a limited or general partner is a citizen).

Section 1332(a)(2) does not confer jurisdiction in actions "where on one side there are citizens and aliens and on the opposite side there are only aliens." Universal Licensing Corp. v. Paola Del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002). Thus, there is not diversity of citizenship if citizens of a State are on one side, and aliens are both a plaintiff and a defendant, even if those aliens are citizens of different nations. See, e.g., Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980) (holding that there was no diversity jurisdiction in a suit between a Venezuelan plaintiff and Swiss and New York defendants); cf. Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC, 232 F.3d 79, 82 (2d Cir. 2000) (holding that there was no diversity of citizenship in a suit between the defendant, a corporation organized under the laws of the United Arab Emirates, and plaintiffs, two Mexican corporations).

By letter, dated August 11, 2009, plaintiffs have sought leave to conduct discovery to determine the citizenship of WREF II's and WREC II's limited partners. Although discovery has been closed for a considerable period of time, I will grant plaintiffs' request to conduct discovery limited to determining the citizenship of the limited partners of WREF II and WREC II. Plaintiffs shall conclude this discovery no later than ninety (90) days from the date hereof (the "Discovery Completion Date"). Within ten (10) days of the Discovery Completion Date, plaintiffs shall file an amended complaint that truthfully alleges the citizenship of all defendants. Defendants shall respond to this amended complaint within twenty (20) days.

3

Finally, because there is a serious question concerning whether the Court has subject matter jurisdiction over this action, all pending motions (Docket Entry Nos. 48 through 50) are TERMINATED. A party may renew a previously filed motion on or after the Discovery Completion Date by filing a new notice of motion with the Court. For any renewed motion, the Court will considered all previously filed memoranda of law, declarations and other submissions.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       August 12, 2009